UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JOSE MILLER, *on behalf of himself and all other persons similarly situated*,

Plaintiff,

    -against-

BUILDING SERVICES INC., MICHAEL A. GOMEZ, and VIVIAN GOMEZ,

Defendants.

-------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24-CV-4814 (NJC)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this wage and hour action, on referral from the Honorable Nusrat J. Choudhury for Report and Recommendation, is Plaintiff Jose Miller's ("Plaintiff" or "Miller") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Docket Entry ("DE") [13]. By way of a Complaint dated July 11, 2024, Plaintiff commenced this action against Defendants Building Services Inc. ("Building Services"), Michael A. Gomez, and Vivian Gomez (collectively, "Defendants"), alleging wage and hour violations pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). DE [1]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part and that a default judgment be entered against Defendants, jointly and severally, in the amount of $134,681.33.

1

# I. BACKGROUND

## A. **Relevant Facts**

Unless stated otherwise, the following facts are taken from the Complaint ("Compl."), DE [1], and are accepted as true for purposes of the instant motion.

### 1. The Parties

Defendant Building Services provides custodial and cleaning services for commercial customers. Compl. ¶ 14. It has a principal place of business in Huntington, New York. *Id.* at ¶ 7. Michael Gomez and Viviana Gomez are shareholders of Building Services and have the authority to make payroll and personnel decisions, and are active in the day-to-day management of the company, including the determination and payment of Miller's wages. *Id.* at ¶¶ 10-13. All three Defendants are Plaintiff's "employers" within the meaning of the FLSA and NYLL. *Id.* at ¶¶ 8, 11, 13.

Since 2014, Plaintiff has worked for Defendants as a custodial worker.[1] *Id.* at ¶ 15. In this role, Miller's job duties include cleaning and maintaining a medical facility, including mopping, waxing, and vacuuming floors and carpets, removing refuse, polishing, and general cleaning. *Id.* at ¶ 16. Plaintiff alleges that he regularly worked more than 40 hours per week, including from 5:00 a.m. until 12:00 p.m. Monday through Friday, and from 10:00 a.m. until 6:00 p.m. on Saturday, for a total

---

[1] In his Complaint, Plaintiff alleges that he has worked for Defendants since 2014. Compl. ¶ 15. In his Declaration in support of the instant motion, he states that he has worked for Defendants since 2013. Miller Decl., DE [13-10], ¶ 9. This discrepancy does not affect the analysis of the instant motion, as Miller only seeks damages beginning July 11, 2018, *see* Damages Calculation, DE [13-11], which is consistent with the NYLL's six-year statute of limitations. *See* N.Y. Lab. Law § 663(3).

of 43 hours per week.  *Id.* at ¶ 17.  Every two weeks, Defendants paid Plaintiff at a rate of $15 per hour.  *Id.* at ¶ 19; Plaintiff's Declaration in Support of Motion for Default Judgment ("Miller Decl."), DE [13-10], ¶ 10.  Defendants did not pay Miller an overtime premium and instead paid him for all hours worked, including those in excess of 40 per week, at his regular rate of pay of $15 per hour.  Compl. ¶ 18.  Miller alleges that Defendants failed to pay him and other custodial workers on a weekly basis, and instead paid him and similarly situated individuals on a bi-weekly basis.  *Id.* at ¶¶ 21-22.  He further alleges that Defendants did not provide him with a wage notice at the time of his hiring or any wage statements during his employment.  *Id.* at ¶¶ 57-62.

### B.    **Procedural Background**

By way of a Complaint dated July 11, 2024, Plaintiff commenced this action as a putative class and collective action against all Defendants, alleging causes of action for:  (1) failure to pay overtime wages under the FLSA; (2) failure to pay overtime wages under the NYLL; (3) failure to pay wages on a weekly basis under the NYLL; (4) failure to provide a wage notice under the NYLL; and (5) failure to provide any wage statements under the NYLL.  *Id.* at ¶¶  42-62.

On July 15, 2024, Plaintiff served the Summons and Complaint on Building Services by delivering a copy to the New York Office of the Secretary of State.  DE [6].  On July 18, 2024, Plaintiff served the Summons and Complaint on both Michael Gomez and Vivian Gomez by delivering a copy to each at their place of business and mailing a copy of the same via the United States Postal Service.  DE [7], [8].  No

3

Defendant has answered or otherwise responded to the Complaint, and the deadline to do so has passed. On October 7, 2024, Plaintiff requested that the Clerk of the Court enter a Certificate of Default against all Defendants, DE [9], which the Clerk of the Court did on the same day. DE [10].

On December 16, 2024, Plaintiff filed the instant motion, in which he seeks a default judgment against all Defendants. DE [13]. On December 17, 2024, Judge Choudhury referred Plaintiff's motion to this Court for a Report and Recommendation. *See* Electronic Order dated December 17, 2024. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part and that judgment be entered against Defendants, jointly and severally, in the amount of $134,681.33.

## II.    LEGAL STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

4

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-CV-4657(FB)(LB), 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (Report and Recommendation), *adopted by* 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Once liability has been established, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010).

## III. DISCUSSION

### A. <u>Liability Under the FLSA</u>

To prevail on a claim under the FLSA, a plaintiff must establish that: "(1) the Defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the Plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Rodriguez v. Ridge Pizza Inc.*, No. 16-CV-254(DRH)(AKT), 2018 WL 1335358, at *5

(E.D.N.Y. Mar. 15, 2018) (quoting *Garcia v. Badyna*, No. 13-CV-4021(RRM)(CLP), 2014 WL 4728287, at *5 (E.D.N.Y. Sep. 23, 2014)); *see* 29 U.S.C. § 207; *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120(JG), 2013 WL 3010810, at *11 (E.D.N.Y. June 18, 2013) (describing standard for liability under the FLSA).  The plaintiff also "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)).  Plaintiff's allegations, accepted as true, satisfy these requirements.

### 1.  Interstate Commerce

An enterprise engaged in interstate commerce or in the production of goods for interstate commerce is an entity "whose annual gross volume of sales made or business done is not less than $500,000" and that has employees "engaged in commerce or in the production of goods for commerce, or that has employees handling, selling goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1); *see Valdez v. H&S Rest. Operations, Inc.*, No. 14-CV-4701(SLT)(MDG), 2016 WL 3079028, at *2 (E.D.N.Y. Mar. 29, 2016) (Report and Recommendation), *adopted by* 2016 WL 3087053 (E.D.N.Y. May 27, 2016) (describing the FLSA's interstate commerce requirement); 29 C.F.R. § 779.103 (defining "employees engaged in commerce").

Plaintiff's allegations are sufficient to infer that Building Services engages in interstate commerce.  Miller alleges that, at all relevant times, Business Services had employees, including himself, who handle, sell, or otherwise work on goods or

materials that have been moved in or produced for interstate commerce.  Compl. ¶ 9. More specifically, he alleges that Defendants' employees "were engaged in cleaning and maintaining buildings, and used cleaning solvents, material and equipment, much of which originated in other states."  *Id.*  Miller further alleges that Business Services' annual gross volume of sales has exceeded $500,000 for each applicable year of his employment.  *Id.*  Although "allegations detailing statutory definitions without providing additional facts may not be sufficient to infer a nexus to interstate commerce," due to Defendants' default, "the Court may accept these uncontested allegations as true and make reasonable inferences."  *Singh v. Meadow Hill Mobile Inc.*, No. 20 Civ. 3853(CS)(AEK), 2021 WL 4312673, at *4 (S.D.N.Y. Aug. 9, 2021) (Report and Recommendation), *adopted by* 2021 WL 3862665 (S.D.N.Y. Aug. 29, 2021).  To that end, courts have observed that it is reasonable to infer that custodial services companies necessarily involve interstate commerce.  *See, e.g.*, *Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 118 (E.D.N.Y. 2011) (concluding it was "logical to infer . . . that the cleaning supplies utilized by [janitors] originated outside of New York"); *Shim v. Millenium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) (holding that identification of defendant as medical facility is sufficient to infer enterprise coverage as "it is simply inconceivable that none of the medical, custodial or office supplies used at the Center originated outside of New York").  Accordingly, Plaintiff's allegations, accepted as true, satisfy the FLSA's interstate commerce requirement.

2.    <u>Employer-Employee Relationship</u>

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). In evaluating whether someone is an "employer" under the FLSA, the Second Circuit utilizes the economic realities test, which focuses on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (quoting *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)). The analysis turns on whether the defendant had "operational control" over employees. *Irizarry*, 722 F.3d at 110.

Plaintiff adequately alleges an employer-employee relationship with respect to all Defendants. Miller alleges that, at all relevant times, Building Services was an employer within the meaning of the FLSA and NYLL. Compl. ¶ 8. He further alleges that both Michael Gomez and Viviana Gomez are his employers pursuant to the FLSA and NYLL, including that they have the authority to make payroll and personnel decisions for the company, are active in the day-to-day management of the company, including the payment of wages to Plaintiff, and determining what wages are paid to Plaintiff. *Id.* at ¶¶ 10-13. These allegations, accepted as true, establish that all Defendants are Plaintiff's employers under the FLSA and NYLL. *See Valdez*, 2016 WL 3079028, at *3; *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914(ENV)(MMH), 2023

WL 6338666, at *6 (E.D.N.Y. Sept. 29, 2023) ("With respect to an individual defendant, the underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees . . . .") (internal quotation omitted).

### 3.    Failure to Pay Overtime Wages under the FLSA

The FLSA requires that covered employers pay any employee who works more than 40 hours per week a premium for overtime hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Plaintiff alleges that, from 2014 until the filing of this action, he worked a total of 43 hours per week for Defendants. Compl. ¶¶ 17-18; Damages Calculation, DE [13-11]. Miller further alleges that Defendants paid him at his regular rate of pay for all hours worked, and that he did not receive overtime premium pay for hours he worked over 40 during this period. *Id.* at ¶¶ 18, 43, 48. These allegations, accepted as true, establish that Defendants violated the FLSA's overtime pay requirement. *Valdez*, 2016 WL 3079028, at *3; *see Pavia v. Around the Clock Grocery, Inc.*, No. 03-CV-6465(ERK)(CLP), 2005 WL 4655383, at *5 (E.D.N.Y. Nov. 15, 2005) ("[W]here the employer has defaulted, the courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct.") (internal quotation and alteration omitted). Accordingly, having determined that Defendants are Plaintiff's employers and subject to the FLSA, the Court respectfully recommends that a default judgment be entered against them for their failure to pay overtime wages as required by the FLSA.

**B.**    <u>**Liability Under the NYLL**</u>

Plaintiff also seeks a default judgment for his claims arising under the NYLL for failure to pay overtime wages, failure to timely pay wages, failure to provide a wage notice, and failure to provide wage statements.  Compl. ¶¶ 47-50; Pl.'s Mem. at 8-13.  The Court respectfully recommends that a default judgment be entered with respect to Plaintiff's claims arising under the NYLL for failure to pay overtime wages and failure to timely pay wages and denied with respect to his claims for failure to provide a wage notice or wage statements.

1.    <u>Overtime Wages</u>

"The New York Labor Law 'is the state analogue to the federal FLSA.'"  *D'Arpa*, 2013 WL 3010810, at *18 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)).  Although the NYLL "does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of annual sales," it otherwise mirrors the FLSA regarding payment of overtime wages.  *Chun Jie Yin v. Kim*, No. 07-CV-1236(DLI)(JO), 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008); *see* N.Y. Comp. Codes. R. & Regs. tit. 12, § 142-2.2 (employing the same method as the FLSA for calculating overtime wages).  Like the FLSA, overtime compensation under the NYLL is 1.5 times the regular rate of pay for each hour worked over 40 hours per week.  *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (observing that the NYLL adopts the FLSA's definition of overtime); *Chun Jie*

*Yin*, 2008 WL 906736, at \*4 ("New York mandates that employers provide time-and-a-half compensation for their employees' work hours that exceed 40 hours per week.").

Courts have observed that a finding of liability for failure to pay overtime wages under the FLSA is sufficient to find liability for failure to pay overtime wages under the NYLL. *See, e.g.*, *Rodriguez v. Franco Realty Assocs., LLC*, No. 22-CV-6380(JPO), 2023 WL 8762994, at \*3 (S.D.N.Y. Dec. 13, 2023) ("[F]or the same reasons that Defendants are liable for the overtime wages violations under the FLSA, Defendants are also liable under the NYLL."); *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623(NGG)(PK), 2023 WL 2583856, at \*13 (E.D.N.Y. Mar. 21, 2023) ("The NYLL applies the same standard as the FLSA for overtime claims."). Accordingly, the Court respectfully recommends that default judgment be entered against Defendants for their failure to pay overtime wages in accordance with the NYLL.

### 2.   Frequency of Payment

The NYLL requires that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a); *see Tzilin v. Jimmy G. Constr. Corp.*, No. 23-CV-4047(ENV)(MMH), 2024 WL 4309775, at \*12 (E.D.N.Y. Sept. 26, 2024). The definition of manual worker includes "employees who spend more than 25 percent of their working time performing 'physical labor,'" which includes "a wide range of physical activities." *Krawitz v. Five Below, Inc.*, No. 22-CV-2253(LDH)(ARL), 2023 WL 6385711, at \*3 n.4 (E.D.N.Y. Sept. 29, 2023). Moreover, courts in this district have recently clarified that a violation of N.Y. Lab. Law § 191 both provides for a

11

private right of action and confers Article III standing. *See, e.g.*, *Tzilin*, 2024 WL 4309775, at *12-13; *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792(PKC)(MMH), 2024 WL 4184485, at *12-14 (E.D.N.Y. Sept. 14, 2024) (Report and Recommendation), *adopted by* 2024 WL 4355485 (E.D.N.Y. Sept. 30, 2024) (granting a default judgment for violation of N.Y. Lab. Law § 191).

Plaintiff alleges that he was a manual laborer who spent more than 25 percent of his time performing physical labor, including standing for extended periods; lifting, holding, and carrying heavy objects; pushing, pulling, stooping, kneeling, bending, climbing, and crouching for extended periods; and using hand tools and power tools. Compl. ¶ 16. He further alleges that Defendants paid him on a bi-weekly basis, as opposed to every week, in violation of N.Y. Lab. Law § 191. *Id.* at ¶¶ 21-22. Miller claims that he suffered harm because of the delay in payment as he was "temporarily deprived of [his] earned wages." *Id.* at ¶ 23. These allegations, accepted as true, are sufficient to establish a violation of N.Y. Lab. Law § 191. *Pesantez v. SADKME Constr. Corp.*, No. 23-CV-4271(OEM)(SJB), 2024 WL 4314945, at *4-5 (E.D.N.Y. Aug. 19, 2024) (entering a default judgment where the defendant failed to pay a manual laborer on a weekly basis); *Tzilin*, 2024 WL 4309775, at *12-13; *McLaughlin*, 2024 WL 4184485, at *12-14; *Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086(MKB), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016) (granting default judgment where the plaintiffs alleged that they were paid more than seven days after their last week of work). Accordingly, the Court respectfully recommends that a default judgment be entered against Defendants for violation of N.Y. Lab. Law § 191.

3.    <u>Wage Notice and Wage Statement Violations</u>

Plaintiff also seeks default judgment for Defendants' alleged failure to provide a wage notice pursuant to N.Y. Lab. Law § 195(1) and any wage statements pursuant to N.Y. Lab. Law § 195(3).  Compl. ¶¶ 57-62; Pl.'s Mem. 12-17.  Section 195(1) of the NYLL requires that employers provide employees a wage notice at the time of hiring, containing, among other things, the rate of pay, the basis thereof, and the pay schedule.  N.Y. Lab. Law § 195(1)(a).  Section 195(3) of the NYLL requires that employers provide employees with "a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details." *Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412 (E.D.N.Y. 2017) (internal quotation omitted).

Plaintiff alleges that Defendants did not provide him with a wage notice as required by N.Y. Lab. Law § 195(1) or any wage statements as required by N.Y. Lab. Law § 195(3).  Compl. ¶¶ 57-62.  He does not allege, however, that he suffered monetary damages or was otherwise prejudiced or harmed in any way by the alleged failure to provide wage notice or wage statements.  The Second Circuit has recently held that purely technical violations of N.Y. Lab. Law §§ 195(1) and 195(3), without allegations of actual harm, are insufficient to confer Article III standing.  *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024) ("[W]e agree with those district courts that have held that a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm."); *see also Lock v. Costco Wholesale Corp.*, No. 23-CV-7904(NJC)(ST), 2024 WL 4728594, at *5 (E.D.N.Y.

Nov. 8, 2024) (dismissing claim arising under N.Y. Lab. Law § 195(3) where the plaintiff did not allege any actual injury arising out of the failure to provide a wage statement); *Cao v. Wedding in Paris LLC*, No. 20-CV-2336(RJK)(JAM), 2024 WL 1518847, at *24 (E.D.N.Y. Mar. 29, 2024) ("Absent any factual allegations of a concrete injury fairly traceable to Defaulting Defendants' failure to provide wage notices or wage statements, Plaintiffs' claims . . . do not demonstrate Article III standing.").

Although monetary damages are not a requirement to establish a claim under N.Y. Lab. Law §§ 195(1) and (3), a plaintiff must allege some sort of harm for purposes of Article III standing. *See, e.g.*, *Sevilla v. House of Salads One LLC*, No. 20-CV-6072(PKC)(CLP), 2022 WL 954740, at *1, 7 (E.D.N.Y. Mar. 30, 2022) (holding the plaintiff did not have standing where there were no allegations of a tangible injury as a result of the technical statutory violations); *Wang v. XBB, Inc.*, No 18-CV-7341(PKC)(ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to Defendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim."). Here, Miller alleges no harm whatsoever, whether monetary or otherwise, because of Defendants' alleged violations of N.Y. Lab. Law §§ 195(1) and (3). *See* Compl. ¶¶ 57-62; Pl.'s Mem. at 16-17. Therefore, his allegations do not establish Article III standing and the Court respectfully recommends that Plaintiff's motion for default judgment be denied with respect to his claims arising under N.Y. Lab. Law §§ 195(1) and (3).

C.    **Damages**

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014); *Team Air Express, Inc. v. A. Heffco Techs., Inc.*, No. 06-CV-2742(NG)(CLP), 2008 WL 3165892, at *3 (E.D.N.Y. Aug. 6, 2008) (Report and Recommendation), *adopted by* 2008 WL 4790460 (E.D.N.Y. Oct. 28, 2008) ("While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages.") (internal quotation marks and citation omitted).   Accordingly, the Court must assess whether Plaintiff has produced sufficient evidence of the damages he seeks.   *See Gutman v. Klein*, No. 03-CV-1570(BMC)(RML), 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) (Report and Recommendation), *adopted by* 2010 WL 4916722 (E.D.N.Y. Nov. 24, 2010).

The Court has discretion to determine whether an evidentiary hearing is necessary to determine damages not susceptible to simple mathematical calculation. *See* Fed. R. Civ. P. 55(b)(2); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1160 (E.D.N.Y. 1995) (citations omitted).   "The moving party bears the burden of providing a reasonable basis for determination of damages and should not be awarded damages if the evidence is not adequate." *Id.* (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *Sullivan v. Marble Unique Corp.*, No. 10-CV-3582(NGG)(LB), 2011 WL 5401987, at *2 (E.D.N.Y. Aug. 30, 2011) (Report and Recommendation), *adopted by* 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011) ("On a motion for default

judgment, a plaintiff has the burden to prove damages to the Court with a 'reasonable certainty.'").

Plaintiff seeks to recover:  (1) $7,609.50 for unpaid overtime wages under the FLSA and NYLL; (2) $7,609.50 for liquidated damages under the NYLL; (3) a total of $10,000 in statutory damages for failure to provide wage notice and wage statements under the NYLL; (4) $107,991.43 for violations of N.Y. Lab. Law § 191; (5) $9,000 in attorneys' fees; (6) $660.00 in litigation costs; (7) prejudgment interest under the NYLL; and (8) post-judgment interest under federal law.  Pl.'s Mem. at 1; Damages Calculation.

### 1.    <u>Unpaid Overtime Wages</u>

The measure of damages in an FLSA or NYLL case is the difference between what the plaintiff should have been paid and the amount he was actually paid. *Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102, 122 (E.D.N.Y. 2023) (citing *Ramos v. Guaba Deli Grocery Corp.*, No. 20-CV-4904(PAE)(JLC), 2021 WL 5563714, at *9 (S.D.N.Y. Nov. 28, 2021)); *Jimenez v. Green Olive, Inc.*, No. 23-CV-8805(AMD)(JAM), 2024 WL 3763467, at *19 (E.D.N.Y. Aug. 13, 2024) ("The amount of unpaid overtime wages is calculated by subtracting the amount Plaintiff was actually paid from the amount that he should have been paid under the FLSA and NYLL.").  A plaintiff may not recover double damages for the same injury under both the FLSA and NYLL, but the plaintiff is entitled to relief under whichever statute provides for greater damages. *Ventura v. Putnam Gardens Parking Corp.*, No. 20-CV-119(JKG)(VF), 2023 WL 3603589, at *3 (S.D.N.Y. Mar. 20, 2023) (Report and Recommendation), *adopted*

*by* 2023 WL 3601649 (S.D.N.Y. May 23, 2023).  Therefore, damages for overtime violations under the FLSA and NYLL are analyzed the same but awarded only once. *Calle v. Pizza Palace Café LLC*, No. 20-CV-4178(LDH)(LB), 2022 WL 609142, at *7 (E.D.N.Y. Jan. 4, 2022) (observing that a plaintiff may not recover unpaid wages under both the FLSA and NYLL, but that the "plaintiff will recover the same amount under the FLSA and NYLL here").

An award of damages may be "based on the plaintiff's recollection and estimate of hours worked, which are presumed to be correct as a result of the defendant's default." *Jimenez*, 2024 WL 3763467, at *18; *see Lopez v. Royal Thai Plus, LLC*, No. 16-CV-4028(NGG)(SJB), 2018 WL 1770660, at *9 (E.D.N.Y. Feb. 6, 2018) (holding that a plaintiff "need not compute FLSA damages with precision") (Report and Recommendation), *adopted by* 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018).  In cases like this action, courts calculate damages under the NYLL, which provides for the greatest recovery.  *Jimenez*, 2024 WL 3763467, at *18 (citing *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848(RRM)(RER), 2022 WL 4646866, at *6 (E.D.N.Y. Aug. 29, 2022)).

Plaintiff submitted a declaration in which he asserts that he worked 43 hours per week at a rate of $15 per hour.[2]  Miller Decl. ¶ 12.  Although not necessarily precise, this is sufficient to support an award of damages on a motion for default

---

[2] Plaintiff's Damages Computation chart reflects a regular rate of $16 per hour for the period of December 31, 2023 through December 16, 2024.  DE [13-11].  He does not provide substantiation for this increase, and the Court applies the $15 per hour rate that he states in his declaration.  *See* Miller Decl. ¶ 12.  Nevertheless, the liquidated damages Plaintiff requests pursuant to N.Y. Lab. Law § 191 applies the correct rate of pay.

judgment. *Jimenez*, 2024 WL 3763467, at *18; *Lopez*, 2018 WL 1770660, at *9. Defendants paid Miller his regular rate of pay of $15 per hour for all 43 hours of work, but they did not pay him an overtime premium for the 3 hours in excess of 40 that he worked each week. Miller Decl. ¶ 12. As demonstrated in the chart below, applying an overtime premium rate of $7.50 to the 3 overtime hours that Plaintiff worked each week, from July 11, 2018 through December 16, 2024, Defendants failed to pay Miller a total of $7,531.01 in overtime wages.

| Start Date | End Date | Weeks | Regular Rate | Overtime Premium | Weekly Overtime Hours | Unpaid Overtime |
|------------|----------|-------|--------------|------------------|-----------------------|-----------------|
| 7/11/2018 | 12/30/2018 | 24.57 | $15.00 | $7.50 | 3 | $552.86 |
| 12/31/2019 | 12/30/2019 | 52 | $15.00 | $7.50 | 3 | $1,170.00 |
| 12/31/2020 | 12/30/2020 | 52 | $15.00 | $7.50 | 3 | $1,170.00 |
| 12/31/2021 | 12/30/2021 | 52 | $15.00 | $7.50 | 3 | $1,170.00 |
| 12/31/2022 | 12/30/2022 | 52 | $15.00 | $7.50 | 3 | $1,170.00 |
| 12/31/2023 | 12/30/2023 | 52 | $15.00 | $7.50 | 3 | $1,170.00 |
| 12/31/2024 | 12/16/2024 | 50.14 | $15.00 | $7.50 | 3 | $1,128.15 |
| | | | | | **TOTAL** | **$7,531.01** |

Accordingly, the Court respectfully recommends that Plaintiff be awarded $7,531.01 for unpaid overtime wages.

2.    Liquidated Damages

Plaintiff further seeks to recover liquidated damages under the NYLL. Pl.'s Mem. at 18. The NYLL "allows a plaintiff 'to receive liquidated damages equal to one hundred percent of the total amount of the wages found to be due, unless the employer provides a good faith basis for believing he or she was in compliance with the law.'" *Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493(AMD)(RER), 2022 WL 5428688, at *12 (E.D.N.Y. Aug. 16, 2022) (quoting *Martinez v. Alimentos Saludables*

*Corp.*, No. 16-CV-1997(DLI)(CLP), 2017 WL 5033650, at *23 (E.D.N.Y. Sept. 22, 2017)); *see* N.Y. Lab. Law §§ 198(1)(a), 663(1).

Here, Defendants' default alone demonstrates a lack of good faith and that liquidated damages are therefore appropriate. *See Valdez*, 2016 WL 3079028, at *6 ("As the defendants here have defaulted, they have not shown they acted in good faith."); *Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242(FB)(RER), 2015 WL 3620364, at *10 (E.D.N.Y. June 9, 2015) ("[I]n light of the default, there has also been no showing that the Defaulting Defendants acted in good faith or that the Court should decline exercising its discretion in granting liquidated damages."). Accordingly, having recommended that Plaintiff be awarded $7,531.01 for unpaid overtime wages, the Court respectfully recommends that he also be awarded $7,531.01 in liquidated damages pursuant to the NYLL.

### 3.    Untimely Payments Pursuant to N.Y. Lab. Law § 191

Plaintiff seeks to recover $107,991.43 in liquidated damages for untimely wage payments in violation of N.Y. Lab. Law § 191.[3]  Pl.'s Mem. at 17-18.  For violations of N.Y. Lab. Law § 191, "liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages." *Tzilin*, 2024 WL 4309775, at *12 (quoting *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1145, 107 N.Y.S.3d 286, 288 (1st Dep't 2019)).  To that end, N.Y. Lab. Law § 198 provides that "[l]iquidated damages shall be calculated . . . as no more than one hundred percent of

---

[3] The Court notes that Plaintiff applies a $15 per hour rate of pay in his chart relating to untimely payments and therefore relies upon his calculation.  *See* Damages Calculation.

the total amount of wages found to be due . . . ."  N.Y. Lab. Law § 198(1-a); *see Tzilin*, 2024 WL 4309775, at *12 (describing method of calculating damages pursuant to N.Y. Lab. Law § 191).  Nevertheless, and as Plaintiff acknowledges, to avoid duplicating liquidated damages, "damages for a violation of section 191 should be based only on the failure to pay timely agreed-upon wages during the first week of each bi-weekly pay period." *Anzures v. Maredin Rest. Corp.,* No. 22-CV-2798(EK)(JRC), 2024 WL 1376812, at *15 (E.D.N.Y. Jan. 24, 2024) (collecting cases); *McLaughlin*, 2024 WL 4184485, at *16.  Although duplicative damages are disfavored, Courts in this district award liquidated damages for both unpaid overtime wages as well as untimely wage payments.  *See, e.g.*, *Pesantez*, 2024 WL 4314945, at *8-9 (awarding liquidated damages based on both unpaid and untimely wages); *Anzures*, 2024 WL 1376812, at *14-16 (awarding 100% liquidated damages for unpaid overtime wages as well as liquidated damages for untimely wage payments).

As Defendants failed to pay Miller, a manual laborer, his hourly rate of pay of $15 per hour on a weekly basis, he is entitled to receive liquidated damages equal to one week of pay for each two-week pay period from July 11, 2018 through December 16, 2024.  *See* N.Y. Lab. Law § 198; *Pesantez*, 2024 WL 4314945, at *4-5 (awarding liquidated damages who was not paid on a weekly basis); *Brito v. Marina's Bakery Corp.*, No. 19-CV-828(KAM)(MMH), 2022 WL 875099, at *19 (E.D.N.Y. Mar. 24, 2022) ("Under both the FLSA and the NYLL, employees are entitled to damages equal to the wages that were paid late.") (citing *Coley v. Vanguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565(PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27,

2018)); *Tzilin*, 2024 WL 4309775, at *12.  Courts in this Circuit award liquidated damages for late wages under similar circumstances.  *See Gumaneh v. Vilano Empl. Servs., Inc.,* No. 22-CV-774(LTS)(KHP), 2023 WL 5715613, at *7 (S.D.N.Y. Sept. 5, 2023) (awarding manual worker over $191,000 and $144,000 in liquidated damages under the NYLL for untimely payment of wages upon plaintiffs' demonstrating "that all of their wages were paid at least two weeks late"); *Coley*, 2018 WL 1513628, at *13-14 (awarding liquidated damages equal to minimum wages due to plaintiffs during the period of delayed payments); *Brito*, 2022 WL 875099, at *20 (finding that "there [wa]s no question that Plaintiffs [we]re entitled to damages equal to the actual amount of wages that were paid late" and awarding late pay damages as calculated by the plaintiffs).

Plaintiff's proposed calculation accounts for Miller's $15 hourly rate of pay, the appropriate duration of payment from July 11, 2018 through December 16, 2024, and the fact that only the first week of each pay period should be considered.  *See* Damages Calculation; Pl.'s Mem. at 17-18.  Accordingly, the Court respectfully recommends that Plaintiff be granted liquidated damages in the amount of $107,991.43 for Defendants' violation of N.Y. Lab. Law § 191.

### 4. Prejudgment Interest

Plaintiff also seeks an award of prejudgment interest.  Pl.'s Mem. at 24; Declaration of Matthew J. Farnworth in Support of Motion for Default Judgment ("Farnworth Decl."), DE [13-2], ¶ 36.  Although the FLSA does not allow for recovery of both liquidated damages and prejudgment interest, *see Santillan*, 822 F. Supp. 2d

21

at 298, the NYLL does. *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707(ENV)(MMH), 2024 WL 4271234, at *16 (E.D.N.Y. Sept. 19, 2024) ("[T]he NYLL enables a plaintiff to recover both liquidated damages and prejudgment interest."). The NYLL provides for prejudgment interest at a rate of 9% per year. N.Y. C.P.L.R. 5001, 5004; *see Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015) (awarding prejudgment interest under the NYLL and observing that interest "shall be at the rate of nine *per centum per annum*"). Interest is computed "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. 5001(b). Where, as here, unpaid wages are "incurred at various times, interest shall be computed . . . from a single reasonable intermediate date." *Id.* Courts in this Circuit have held that a single reasonable intermediate date is the median date between the earliest and latest dates within the statute of limitations period that a plaintiff's wage claim accrued. *See Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812(RER), 2015 WL 1966355, at *1 (E.D.N.Y. May 1, 2015); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760(CBA)(CLP), 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013) (using the midpoint of the plaintiff's overtime claims to calculate prejudgment interest).

Applying the statutory rate of 9% per year to Plaintiff's $7,531.01 in unpaid overtime wages, prejudgment interest accrues at a rate of $1.86 per day.[4] As the alleged wage violations began on July 11, 2018 and were ongoing when he filed his

---

[4] Prejudgment interest only accrues with respect to unpaid wages, and not on liquidated damages. *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 380 (E.D.N.Y. 2022) ("Prejudgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law.") (internal quotation omitted).

22

motion for default judgment on December 16, 2024, *see* Miller Decl. ¶¶ 9-13, the Court considers Plaintiff's proposed midpoint of April 5, 2022 to be an appropriate date for purposes of determining prejudgment interest. As 1,058 days have lapsed between April 5, 2022 and the date of this Report and Recommendation, the Court respectfully recommends that Plaintiff be awarded $1,967.88 in prejudgment interest, accruing at a rate of $1.86 per day until final judgment is entered.

### 5.    Attorneys' Fees and Costs

Both the FLSA and NYLL allow for an award of reasonable attorneys' fees to a successful plaintiff. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). To determine reasonable attorneys' fees, the Supreme Court and the Second Circuit have held that the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *Won v. Gel Factory, Corp.,* No. 20-CV-5269(EK)(ARL), 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022) (Report and Recommendation), *adopted by* 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). This method "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Won,* 2022 WL 903121, at *8 (quoting *Perdue v. Kenny A. ex rel. Winn.*, 559 U.S. 542, 551, 130 S. Ct. 1662, 1672 (2010)).

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Maldonado v. Srour*,

No. 13-CV-5856(ILG)(JO), 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016). "The moving party must support its application by providing contemporaneous time records that detail for each attorney, the date, the hours expended, and the nature of the work done." *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 250-51 (E.D.N.Y. 2020) (quoting *Riley v. City of New York*, No. 10-CV-2513(MKB), 2015 WL 9592518, at *2 (E.D.N.Y. Dec. 31, 2015) (internal quotation marks omitted)). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (citation omitted).

Plaintiff has submitted substantiation of the fees he seeks, including contemporaneous time records reflecting 28.1 hours of work performed, including 5.4 hours of work performed by Founding Partner Peter Romero at a rate of $450 per hour; 21.5 hours of work performed by associate Matthew Farnworth at a rate of $300 per hour; and 1.2 hours of work performed by paralegal Angelica Villalba at a rate of $100 per hour. DE [13-12]. Mr. Romero is an experienced employment law litigator and owner of Romero Law Group PLLC, having graduated from St. John's University School of Law in 2003. Farnworth Decl. ¶ 34. Mr. Farnworth is an associate at Romero Law Group PLLC with several years of employment litigation experience, having graduated from Pace University School of Law in 2016. *Id.* at ¶ 35.

The Court has reviewed the contemporaneous time records and considers the amount of time billed, as well as the rates charged by Plaintiff's counsel, to be

reasonable. *See Jimenez*, 2024 WL 3763467, at \*23 ("Courts in the Eastern District of New York have recently awarded hourly rates from '\$70 to \$100 for legal support,' '\$100 to \$200 for junior associates,' '\$200 to \$325 for senior associates,' and '\$300 to \$450 for partners' in FLSA cases.") (quoting *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526(CBA)(SMG), 2020 WL 5260579, at \*8 (E.D.N.Y. Aug. 19, 2020)); *Villarrubia v. La Hoguera Paisa Rest. & Bakery Corp.*, No. 18-CV-4929(AMD)(PK), 2020 WL 6430327, at \*2 (E.D.N.Y. Oct. 9, 2020) ("Courts in this District have recently awarded hourly rates in FLSA cases of \$300 to \$450 for partners, \$200 to \$325 for senior associates, \$100 to \$200 for junior associates, and \$70 to \$100 for legal support staff . . . .") (internal quotation omitted); *Eichenblatt v. Kugel*, No. 17-CV-559(DLI)(LB), 2018 WL 3202079, at \*10 (E.D.N.Y. May 15, 2018) (observing that the "[p]revailing hourly rates for attorneys in the Eastern District of New York typically range from \$300 to \$450 for partners [and] \$200 to \$300 for senior associates") (internal quotation omitted). Therefore, an award of \$9,000 for Plaintiff's counsel's services is appropriate.

A prevailing plaintiff may also recover costs under the FLSA and NYLL. *Jimenez*, 2024 WL 3763467, at \*24. Plaintiff has submitted an invoice reflecting that he paid \$255.00 to effectuate service, *see* Farnworth Decl. Ex. K, and the Court may take notice that he paid \$405 to commence this action. *See* DE [1]; *Gao v. Jian Song Shi*, No. 18-CV-2708(ARR)(LB), 2021 WL 1949275, at \*19 (E.D.N.Y. Apr. 30, 2021) ("[T]he Court can take notice of the filing fee in this District . . . ."). This adequately substantiates Plaintiff's request for \$660 in litigation costs. *See Jimenez*, 2024 WL

3763467, at *24. Accordingly, the Court respectfully recommends that Plaintiff be awarded a total of $9,660 for attorneys' fees and litigation costs.

### 6. Post-Judgment Interest

Pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." An award of post-judgment interest at the statutorily prescribed rate is mandatory. *See Schipani v. McLeod*, 541 F.3d 158, 156 (2d Cir. 2008). Therefore, the Court respectfully recommends that Plaintiff be awarded post-judgment interest calculated from the date on which judgment is entered until the date on which judgment is paid, using the federal rate set forth in 28 U.S.C. § 1961.

## IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for default judgment be granted with respect to his claims for unpaid overtime wages under the FLSA and NYLL and failure to pay timely wages pursuant to N.Y. Lab. Law § 191. The Court recommends that his motion be denied with respect to his claims for wage notice and wage statement violations pursuant to N.Y. Lab. Law §§ 195(1) and 195(3). The Court recommends that a judgment against Defendants be entered in the amount of $134,681.33, including $7,531.01 in unpaid overtime wages, $7,531.01 in liquidated damages under the NYLL, $107,991.43 for failure to timely pay wages pursuant to N.Y. Lab. Law § 191, $1,967.88 in

prejudgment interest through the date of the Report and Recommendation, and $9,660.00 in attorneys' fees and costs. The Court further recommends that prejudgment interest accrue at a rate of $1.86 per day until the date on which judgment is entered, and that Plaintiff be awarded post-judgment interest using the federal rate set forth in 28 U.S.C. § 1961.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendants via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated:      Central Islip, New York
            February 26, 2025

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge