UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Miller, *on behalf of himself and all other persons similarly situated*,<br><br>Plaintiff,<br><br>-v-<br><br>Building Services Inc., Michael A. Gomez, and Vivian Gomez,<br><br>Defendants. | 2:24-cv-4814<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On December 16, 2024, Plaintiff Jose Miller ("Miller") filed a Motion for Default Judgment against Defendants Building Services Inc., Michael A. Gomez, and Vivian Gomez (collectively "Defendants") in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq, and New York Labor Law ("NYLL"), N.Y. Lab. Law. (Mot. Default J. ("Mot."), ECF No. 13.) On February 26, 2025, Magistrate Judge Steven I. Locke issued a Report and Recommendation (the "R&R") recommending that Miller's Motion for Default Judgment be granted in part and denied in part. (R&R, ECF No. 15.) A copy of the R&R was filed electronically on February 26, 2025, and Miller was directed to serve copies of the R&R on Defendants and file proof of service. (*See id*. at 27.) On February 27, 2025, Miller filed proof of service indicating he served Defendants with a copy of the R&R on February 26, 2025. (ECF No. 16.)

The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service. (R&R at 27.) Because the Defendants have

not appeared in this action and service was completed on February 26, 2025, the period to file objections ran through March 12, 2025.

The date for filing any objections has thus expired, and no party has filed an objection to the R&R. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because a motion for default judgment is dispositive, and because no party has filed timely objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R *de novo* out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R (ECF No. 15) with the following corrections to address: (1) the calculation of Miller's damages for unpaid overtime wages under the FLSA and the NYLL; (2) the resulting calculations of Miller's liquidated damages for unpaid overtime wages and of the prejudgment interest on Miller's damages for unpaid overtime wages; (3) the calculation of Miller's damages for untimely payments pursuant to N.Y. Lab. Law § 191 ("Section 191"); and (4) the attorneys' fees and costs Miller may recover.

### I. Calculation of Miller's Damages for Unpaid Overtime Wages Under FLSA and NYLL.

I adopt the R&R's thorough discussion of the legal standards governing damages for unpaid overtime wages under FLSA and NYLL. Under those standards, because a plaintiff cannot recover under both FLSA and NYLL for the same injury, courts calculate damages under

2

NYLL, which provides for the greatest recovery, and those damages are calculated as the difference between what the plaintiff should have been paid and the amount the plaintiff was actually paid. (R&R at 16–17.)

The R&R recommended that I find that Miller be awarded $7,5031.01 for unpaid overtime wages. (R&R at 18.) This recommendation, however, did not factor in a mistake made by Miller in his proposed damages calculation. It also did not count the impact of the 2020 leap year on this calculation. I correct these two issues below.

Miller submitted a declaration in which he attests that he worked 43 hours or more per week at a rate of $15 per hour since he commenced his employment for Defendants "in or about 2013." (Miller Decl. ¶¶ 9, 11–12, ECF No. 13-10.)[1] At the time that Miller signed his declaration on December 5, 2025, he remained employed by Defendants. (*Id.* ¶ 9.) Although that declaration does not provide precise evidence of the unpaid overtime hours worked by Miller, under FLSA "[t]he burden is on an employer properly to record hours," so a "plaintiff need not compute FLSA damages with precision." *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. App'x. 19, 20–21 (2d Cir. 2002). Therefore, where defendants to a FLSA and NYLL action "have defaulted and no employment records have been produced, [courts] will presume the accuracy of Plaintiff's recollection and estimates of hours worked set forth in the affidavits and damage calculations." *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 252 (E.D.N.Y. 2024); *Lopez v. Royal Thai Plus, LLC*, No. 16-cv-4028, 2018 WL 1770660, at *9 (E.D.N.Y. Feb. 6, 2018),

---

[1] By contrast, in his Complaint, Miller alleges that he has worked for Defendants since 2014. (Compl. ¶ 15, ECF No. 1.) However, as Magistrate Judge Locke correctly found, this discrepancy does not affect the analysis of this motion because Miller only seeks damages for unpaid overtime wages incurred on and after July 11, 2018. (*See* R&R at 2 n.1; Farnworth Decl. Ex. I ("Damages Calculation"), ECF No. 13-11.)

3

*report and recommendation adopted*, 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018).

Miller also submitted a proposed damages calculation table ("Damages Calculation") as an exhibit to the declaration of his counsel, Matthew J. Farnworth ("Farnworth"). (Farnworth Decl. Ex. I ("Damages Calculation"), ECF No. 13-11.) The Damages Calculation appears to have been based on the Miller Declaration and the Complaint's allegations.[2] It seeks damages beginning July 11, 2018, which is consistent with the NYLL's six-year statute of limitations. *See* Damages Calculation; N.Y. Lab. Law § 191. The Damages Calculation correctly identifies the periods of time Miller worked for Defendants but undercounts the number of weeks in each pay period by one day. As a result, the Damages Calculation makes four errors:

1. for the pay period July 11, 2018 through July 30, 2018, inclusive of both dates, the Damages Calculation assesses 24.57 weeks of unpaid overtime, but the pay period is in fact 24.71 weeks long (*see* Damages Calculation);

2. for the annual pay periods in 2019, 2021, 2022, and 2023, the Damages Calculation uses a 52-week calculation, but the pay periods are all 52.14 weeks long (*see id.*);

3. likely because 2020 was a leap year, Miller uses a 52.14 week calculation for the pay period between December 31, 2019 to December 30, 2020 (*see id.*); the R&R mistakenly reduces that figure to be a 52-week year; (R&R at 18); in fact, the pay period was 52.29 weeks long; and

4. Miller calculates a 50.14 week pay period from December 31, 2023 to December 16, 2024, but the period was in fact 50.29 weeks long (*see* Damages Calculation).

Based on these corrected calculations, which are set forth in Appendix I, Miller is entitled to $7,556.79 in unpaid overtime wages.

---

[2] As Magistrate Judge Locke found, the Damages Calculation reflects a regular rate of $16 per hour for the period from December 31, 2023 through December 16, 2024. (R&R at 17 n. 2; Damages Calculation.) However, Miller does not substantiate this increase, so I adopt Judge Locke's finding that the $15 per hour rate Miller gives in his declaration applies to the period from December 31, 2023 to December 16, 2024. (R&R at 17 n. 2.)

4

## II. Calculation of Liquidated Damages and Prejudgment Interest Under the NYLL

Because I corrected the calculation of damages awarded to Miller for unpaid overtime wages, I also correct the amounts awarded to Miller in liquidated damages and prejudgment interest on the unpaid overtime damages. (*See* Mot. at 16, 24.)

With respect to liquidated damages, I adopt the R&R's well-reasoned recommendation to award Miller liquidated damages equal to the total amount of damages for unpaid overtime. (*See* R&R at 18–19.) Therefore, based on the corrected calculations to Miller's unpaid overtime damages, Miller is owed $7,556.79 in liquidated damages for unpaid overtime. *See* Appendix I.

Likewise, I adopt the R&R's well-reasoned recommendation that Miller is entitled to prejudgment interest on his $7,556.79 in unpaid overtime wages at a rate of 9% per year computed from April 5, 2022. R&R at 22–23; *see Hernandez v. NJK Contractors, Inc.*, No. 09-cv-4812, 2015 WL 1966355, at *51 (E.D.N.Y. May 1, 2015) (calculating prejudgment interest based on a "reasonable intermediate date" where damages are incurred at various times at a steady rate and where a simple, rather than compound, interest rate is utilized). Based on this calculation, $2,222.94 in prejudgment interest has accrued on the $7,556.79 amount between April 5, 2022 and the date of this Order.[3] The prejudgment interest continues to accrue until final judgment is entered.

## III. Calculation of Miller's Damages for Untimely Payments Pursuant to Section 191 of the NYLL

The R&R recommends that Miller be awarded $107,991.43 in liquidated damages for

---

[3] The R&R recommends a finding that prejudgment interest accrues at a rate of $1.86 per day. (R&R at 23.) However, this daily rate of interest accrued is a rounded number. In order to avoid rounding until the final prejudgment interest is calculated, I therefore calculate prejudgment interest using the annual rate instead.

untimely payments in violation of N.Y. Lab. Law § 191. (R&R at 21.) I adopt the R&R's well-reasoned articulation of the legal standards governing the calculation of liquidated damages for violations of Section 191. I therefore also adopt the R&R's methodology for calculating liquidated damages for violations of Section 191, which requires accounting for the number of weeks in each annual pay period. (*See* R&R at 20.) Because, as I found above, Miller's Damages Calculation undercounts the number of weeks in each pay period by one day (*see supra* § I), Miller also understates the liquidated damages that he is owed for violations of Section 191. Corrected calculations based on the adjusted number of weeks in each pay period are set forth in Appendix I and demonstrate that Miller is entitled to $108,313.93 in liquidated damages for untimely paid wages.

## IV. Calculation of Attorneys' Fees and Costs

The R&R recommends that Miller be awarded $9,000 in attorneys' fees and $660 in litigation costs. (R&R at 23–26.) I adopt the R&R's well-reasoned articulation of the legal standards governing reasonable attorneys' fees under FLSA and NYLL, as well as its recommendation as to litigation costs. However, I find that Miller has only offered evidence of $8,993 in attorneys' fees. Indeed, Miller submits documentation reflecting 28.1 hours of work performed, including 5.4 hours of work by Founding Partner Peter Romero at a rate of $450 per hour; 21.5 hours of work by associate Matthew Farnworth at a rate of $300 per hour; and 1.2 hours of work by paralegal Angelica Villalba at a rate of $100 per hour. (R&R at 24 (citing ECF No. 13-12).) I adopt the R&R's conclusion that these rates are reasonable, but reduce Miller's requested attorneys' fee award from $9,000 to $8,993 because I calculate $8,993 to be the figure supported by the hours Miller's attorneys billed.

6

## CONCLUSION

Accordingly, I grant Miller's Motion for Default Judgment (ECF No. 11) in part and deny in part. I award Miller the following, with liability being joint and several as between Defendants:

(i) unpaid overtime wages under the NYLL in the amount of $7,556.79;

(ii) liquidated damages for unpaid overtime wages under the NYLL in the amount of $7,556.79;

(iii) damages for failure to timely pay wages pursuant to N.Y. Lab. Law § 191 in the amount of $108,313.93;

(iv) attorneys' fees in the amount of $8,993.00;

(v) litigation costs in the amount of $660.00;

(vi) prejudgment interest on the unpaid overtime wages amount of $7,556.79 at the rate of 9% per year for the period from April 5, 2022 through the date of entry of judgment; and

(vii) post-judgment interest calculated from the date on which judgment is entered until the date on which judgment is paid, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
      July 11, 2025

                                            /s Nusrat J. Choudhury
                                          NUSRAT J. CHOUDHURY
                                          United States District Judge

## APPENDIX I

| Start Date | End Date | Number of Weeks Worked[i] | Number of Weeks Worked / 2 | Regular Rate[ii] | Overtime Premium[iii] | Weekly Hours Worked[iv] | Weekly Overtime Hours Worked[v] | Unpaid Overtime[vi] | Section 191 Damages[vii] |
|---|---|---|---|---|---|---|---|---|---|
| 7/11/2018[viii] | 12/30/2018 | 24.71 | 12.36 | $15.00 | $7.50 | 43 | 3 | $556.07 | $7,970.36 |
| 12/31/2018 | 12/30/2019 | 52.14 | 26.07 | $15.00 | $7.50 | 43 | 3 | $1,173.21 | $16,816.07 |
| 12/31/2019 | 12/30/2020 | 52.29 | 26.14 | $15.00 | $7.50 | 43 | 3 | $1,176.43 | $16,862.14 |
| 12/31/2020 | 12/30/2021 | 52.14 | 26.07 | $15.00 | $7.50 | 43 | 3 | $1,173.21 | $16,816.07 |
| 12/31/2021 | 12/30/2022 | 52.14 | 26.07 | $15.00 | $7.50 | 43 | 3 | $1,173.21 | $16,816.07 |
| 12/31/2022 | 12/30/2023 | 52.14 | 26.07 | $15.00 | $7.50 | 43 | 3 | $1,173.21 | $16,816.07 |
| 12/31/2023 | 12/16/2024[ix] | 50.29 | 25.14 | $15.00 | $7.50 | 43 | 3 | $1,131.43 | $16,217.14 |
| | | | | | | | **Total:** | $7,556.79 | $108,313.93 |

---

[i] The "Number of Weeks Worked" is calculated by dividing the number of days worked within the period by seven days because Miller declares that he worked 43 hours or more per week for Defendants. (Miller Decl. ¶ 11.)

[ii] Miller declares that "[t]hroughout [his] employment" Defendants paid him $15.00 per hour for all hours worked, including for those hours worked in excess of forty each week. (Miller Decl. ¶ 12.)

[iii] FLSA and NYLL both require that covered employers pay any employee who works more than 40 hours per week a premium for overtime hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *see also* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. The Overtime Premium here is calculated as half the hourly rate and reflects the overtime premium Miller declares that he did not receive.

[iv] Miller declares that he worked 43 hours or more per week "[t]hroughout [his] employment." (Miller Decl. ¶ 11.)

[v] Miller's "Weekly Overtime Hours Worked" is calculated by subtracting forty hours from his "Weekly Hours Worked." *See supra* note iii.

[vi] "Unpaid Overtime" is calculated by multiplying the "Number of Weeks Worked" by the "Weekly Overtime Hours Worked" and the "Overtime Premium."

[vii] The damages for untimely payments pursuant to N.Y. Lab Law § 191 are calculated by multiplying the "Number of Weeks Worked / 2" by the "Regular Rate" and the "Weekly Hours Worked." (*See* R&R at 20-21 (discussing the methodology for calculating Section 191 damages).)

[viii] As set out in more detail in the Memorandum and Order, Miller's Damages Calculation seeks damages for unpaid overtime work

beginning on July 18, 2018, which is consistent with the NYLL's six-year statute of limitations. *See* Damages Calculation; N.Y. Lab. Law § 191.

[ix] Miller declares that he "commenced my employment for Defendants in or about 2013 as a custodial worker: a position that I continue to hold to this day." (Miller Dec. ¶ 9.) The Damages Calculation seeks damages through December 16, 2024, the date Miller filed his Motion for Default Judgment. (*See* Damages Calculation; Mot.) Because Defendants defaulted, I take Miller's submissions as alleging that he continued to be employed by Defendants between December 5, 2024 and the filing of his Motion for Default Judgment.