

**ROMERO**
**LAW GROUP PLLC**
LABOR AND EMPLOYMENT LITIGATION

Peter A. Romero, Esq.

David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

August 30, 2025

<u>**VIA ECF**</u>
Hon. Nusrat Jahan Choudhury
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Miller v. Building Services Inc. et al.*
      <u>Case No. 24-cv-04814 (NJC) (SIL)</u>

Dear Judge Choudhury:

   This firm represents Plaintiff Jose Miller ("Plaintiff"), in the above-referenced matter, for which the report and recommendation of the magistrate related to Plaintiff's motion for default judgment was adopted on July 11, 2025. We write to provide the Court with a proposed revised default order and updated damages calculation based on the legislature's amendment to NYLL § 198(1)(1-a), limiting the potential damages available to Plaintiffs.

   As previously indicated to the Court in our letter dated July 31, 2025, NYLL § 198(1)(1-a) has been amended as follows:

> "Notwithstanding the provisions of this subdivision, liquidated damages shall not be applicable to violations of paragraph a of subdivision one of § 191 (Frequency of payments) where the employer paid the employee wages on a regular payday, no less frequently than semi-monthly. Such violations shall be subject to damages as follows:
>
> (i) no more than one hundred percent of the lost interest found to be due for the delayed payment of wages calculated using a daily interest rate for each day payment is late based on the annual rate of interest then in effect, as prescribed by the superintendent of financial services pursuant to Banking Law § 14-A (Rate of interest) for the employer's first violation…"

   See NYLL § 198(1)(1-a). The Court adopted the report and recommendation of the magistrate with minor changes on July 11, 2025. Because the amendment has been construed to apply retroactively and to pending litigation, the only available damages for

490 Wheeler Road, Suite 277, Hauppauge, New York 11788  •  (631) 257-5588  •  overtimelawny.com

the Plaintiff to recover is the interest on the underpayments, at the applicable interest rate under the Banking Law. See NYLL § 198(1)(1-a)(i). Our damage calculation for the interest owed on the delayed wages is attached hereto as **Exhibit A**. We explain our revised calculations below.

The current interest rate under Article 14-a of the Banking Law is set at 16% per year. See N.Y. Banking Law § 14-a(1). Thus, to calculate the interest accrued on the delayed wage payments, we used the total amount of the late paid wages, i.e. $108,313.93, which constitutes the total amount of wages that were paid seven days late. We then multiplied this number by the interest rate of 16%, and divided by 365, to determine the daily interest amount of $47.48 of interest per day. We then multiplied the daily interest by seven, the total number of days that Plaintiff was paid late each pay period, for a total of $332.36. As such, the proposed revised default order, which is attached hereto as **Exhibit B**, incorporates all the damages awarded by the Court in its July 11, 2025 order adopting the Magistrate Judge's Report and Recommendation, and merely alters the amount awarded for the violation of NYLL § 191 to this new lesser amount.

We thank the Court for its attention to this matter. Should the Court require any additional information to issue the proposed revised order, please do not hesitate to contact the undersigned.

Respectfully submitted,

*/s Matthew J. Farnworth*
MATTHEW J. FARNWORTH, ESQ.

cc:  Building Services Inc.
741 Park Avenue,
Huntington, New York 11743

Michael A. Gomez
741 Park Avenue,
Huntington, New York 11743

Vivian Gomez
741 Park Avenue,
Huntington, New York 11743