UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Miller, *on behalf of himself and all other persons similarly situated*,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Building Services Inc., Michael A. Gomez, and Vivian Gomez,<br><br>                              Defendants. | 2:24-cv-4814<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On December 16, 2024, Plaintiff Jose Miller filed a Motion for Default Judgment against Defendants Building Services Inc., Michael A. Gomez, and Vivian Gomez (collectively "Defendants") in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq, and the New York Labor Law ("NYLL"), N.Y. Lab. Law. (Mot. Default J. ("Mot."), ECF No. 13.) On July 11, 2025, I adopted, with corrections, a Report and Recommendation issued by Magistrate Judge Steven I. Locke ("R&R," ECF No. 15) and granted in part and denied in part Miller's Motion for Default Judgment (the "July 11, 2025 Order"). (Jul. 11, 2025 Order, ECF No. 17.)

On August 4, 2025, I granted Miller's motion to reopen the case in order to allow him to submit a supplemental filing in support of a Motion to Amend the July 11, 2025 Order in light of a change to the provision within New York Labor Law § 198(1)(1-a) ("Section 198(1)(1-a)") that governs the calculation of damages in claims for failure to timely pay wages pursuant to N.Y. Lab. Law § 191 ("Section 191"). (Elec. Order, Aug. 4, 2025.) Miller filed the Motion to Amend

...

on August 29, 2025. (Mot. Amend, ECF No. 20.)

For the reasons set forth below, Miller's Motion to Amend is granted. The July 11, 2025 Order is amended to reflect a reduction in damages awarded to Miller on the claim against Defendants for failure to timely pay wages under the NYLL. Those damages are reduced from $108,313.93 to $332.36. The remainder of the July 11, 2025 Order remains unchanged and is incorporated by reference into this Order.[1]

**I.    Reduction in Miller's Damages on the NYLL Claim for Defendants' Failure to Timely Pay Wages**

In the July 11, 2025 Order, I awarded Miller $108,313.93 in liquidated damages pursuant to Section 191 for the untimely payment of wages. (Jul. 11, 2025 Order at 6.) In doing so, I adopted the R&R's recommendation that Miller is "entitled to receive liquidated damages equal to one week of pay for each two-week pay period from July 11, 2018 through December 16, 2024," because Defendants paid Miller on a bi-weekly rather than weekly basis over that period. (R&R at 3, 20; *see also* Jul. 11, 2025 Order at 5–6.) The calculation of such damages is set forth in Appendix I to the July 11, 2025 Order, and amounted to $108,313.93 in untimely paid wages. (Jul. 11, 2025 Order at 8–9.)

As Miller indicates in his Motion, on May 9, 2025, Section 198(1)(1-a) was amended to provide that "liquidated damages shall not be applicable to violations of paragraph a of subdivision one of [§ 191 (Frequency of payments)] where the employer paid the employee

---

[1] Although Miller does not raise any issue with respect to the attorney's fees awarded in the Court's July 11, 2025 Order, the Court notes that as a result of the reduction in damages for failure to timely pay wages, the attorney's fees as a proportion of damages has grown significantly. Nonetheless, the fee award remains unchanged because it was calculated using the lodestar method and "calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that . . . claims of modest cash value can attract competent counsel." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011).

wages on a regular payday, no less frequently than semi-monthly." N.Y. Lab. Law § 198(1)(1-a); *see also* Mot. at 1. Instead,

> [s]uch violations shall be subject to damages . . . [in an amount] no more than one hundred percent of the lost interest found to be due for the delayed payment of wages calculated using a daily interest rate for each day payment is late based on the annual rate of interest then in effect, as prescribed by the superintendent of fiscal services pursuant to [Banking Law § 14-A (Rate of interest)] for the employer's first violation . . .

N.Y. Lab. Law § 198(1)(1-a)(i); *see also* Mot. at 1. These amendments apply retroactively to pending litigation. *See Garcia v. New Force Constr. Corp.,* No. 23-cv-2336, 2025 WL 2015158, at *15 (E.D.N.Y. July 18, 2025) (reasoning that session laws clarified that the amendment was to "take effect immediately and [to] apply to causes of action pending or commenced on or after [the] date" of amendment); *see also* Mot. at 1 (acknowledging that "the amendment has been construed to apply retroactively and to pending litigation"). Therefore, because Defendants paid Miller bi-weekly on a regular pay day, the only available damages for Miller to recover on his Section 191 claim are interest payments on the untimely payment of $108,313.93 in wages—not the $108,313.93 in liquidated damages that I awarded in the July 11, 2025 Order.

Accordingly, because Miller has not shown any prior violations of Section 191 by Defendants, I apply the method set out above in modifying the damages calculation set forth in the July 11, 2025 Order. Because Defendants paid Miller bi-weekly, one week of his pay for each two-week period from July 11, 2018 through December 16, 2024 was paid seven days late. New York Banking Law § 14-A provides for a "maximum rate of interest" of 16% per year, which must be divided by 365 to calculate the daily interest rate. N.Y. Banking Law § 14-A(1). Accordingly, using a simple interest formula, the total interest due equals the total amount of late paid wages ($108,313.93), times the number of days those wages were late (7), times the daily interest rate (0.16 / 365), which equals $332.36. *See* Mot. at 2 (calculating the same damages

3

figure in this manner). Thus, Miller's award on his claim under NYLL Section 191 for untimely payment of wages is reduced from $108,313.93 in liquidated damages to $332.36 in damages.

## CONCLUSION

Accordingly, for the reasons set forth above, the July 11, 2025 Order is amended to award Miller the following, with liability being joint and several as between Defendants:

(i) unpaid overtime wages under the NYLL in the amount of $7,556.79;

(ii) liquidated damages for unpaid overtime wages under the NYLL in the amount of $7,556.79;

(iii) damages for failure to timely pay wages pursuant to N.Y. Lab. Law § 191 in the amount of $332.36;

(iv) attorneys' fees in the amount of $8,993.00;

(v) litigation costs in the amount of $660.00;

(vi) prejudgment interest on the unpaid overtime wages amount of $7,556.79 at the rate of 9% per year for the period from April 5, 2022 through the date of entry of judgment; and

(vii) post-judgment interest calculated from the date on which judgment is entered until the date on which judgment is paid, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of Court shall vacate the judgment entered on July 14, 2025, enter judgment consistent with this Memorandum and Order, and close this case. Miller shall serve a copy of this

Memorandum and Order and the judgment on Defendants within seven days of entry of the judgment.

Dated: Central Islip, New York
       January 28, 2026

                                                                         */s/ Nusrat J. Choudhury*
                                                                         NUSRAT J. CHOUDHURY
                                                                         United States District Judge